IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN BENTON RICH II, )
 )
      Plaintiff, )
 )
v. ) Case No. 18-CV-0624-JED-JFJ
 )
HARLAN MOORE, )
CHANCE WYNN, )
NIC KARLESKINT, )
 )
      Defendants. )

## OPINION AND ORDER

This matter is before the Court on a motion (Doc. 49) filed by Plaintiff John Rich seeking (a) an enlargement of the time to respond to the summary judgment motions filed by Defendants Harlan Moore, Chance Wynn and Nic Karleskint and (b) appointment of counsel. Defendants filed a response (Doc. 50) opposing Rich's motion. For the reasons that follow, the Court denies Rich's motion.

**I.    Background**

Rich, a state inmate appearing *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 action in November 2018, alleging Defendants violated his federal rights while he was a pretrial detainee incarcerated at the Delaware County Jail, in Jay, Oklahoma. He specifically claims Defendants violated his 14th Amendment right to due process by maintaining "deplorable living conditions" in the Delaware County Jail. Doc. 1, Compl., at 2; Doc. 2, Supporting Br., at 5. He seeks nominal and punitive damages from each defendant. Doc. 1, Compl., at 6.

In August 2019, Defendants filed answers (Docs. 26, 27, 29) to the complaint.[1] On August 20, 2019, the Court entered an abbreviated scheduling order (Doc. 30), setting a deadline of November 15, 2019, for completing discovery and a deadline of December 16, 2019, for filing dispositive motions. The Court subsequently granted Defendants' motion to compel discovery and modified the scheduling order to extend both deadlines.[2] Doc. 40, Order, at 2.

Consistent with the modified scheduling order, on January 17, 2020, Moore filed a motion for summary judgment (Doc. 44), and Karleskint and Wynn filed a joint motion for summary judgment (Doc. 45). Under LCvR 7.2(e), Rich had 21 days, or until February 7, 2020, to respond to the motions.[3] Rich did not file a timely response to either motion.

On February 25, 2020, Rich filed a notice of change of address (Doc. 46), indicating he had been transferred to the Cimarron Correctional Facility (CCF) in Cushing, Oklahoma, and requested an update on the status of his case. The Clerk of Court mailed to Rich a copy of the public docket sheet. On May 22, 2020, Rich sent a letter (Doc. 47) to the Court stating he "was trying to figure out what's happening" in his case because he had "heard nothin[g] in months." The Clerk of Court responded to the letter by sending Rich a second copy of the docket sheet.

On August 12, 2020, Defendants filed a motion for confession of judgment (Doc. 48).

---

[1] Between November 28, 2018, and July 11, 2019, Rich experienced several institutional delays in submitting the initial partial filing fee. *See* Docs 11, 13, 14, 15. Those delays resulted in this Court entering a judgment of dismissal and subsequently, on Rich's motion, reopening the case, reinstating the complaint, issuing a second agency order directing Rich's institution to submit payment, and permitting Rich additional time to submit payment. *See* Docs 10, 11, 13, 14, 15.

[2] In granting Defendants motion to compel discovery, the Court found that Rich failed to file timely responses or objections to Defendants' written discovery requests and that his failure to do so necessitated postponement of his scheduled deposition. Doc. 40, Order, at 1-2.

[3] The Court noted the 21-day response time in the order directing the Clerk of Court to issue summonses provided by Rich and directing the U.S. Marshal Service to serve the complaint on Defendants. Doc. 18, Order, at 2.

Citing Rich's failure to respond to their motions for summary judgment, Defendants ask the Court to deem those motions confessed and grant judgment in their favor. Doc. 48, Mot., at 1-3. Seven days later, Rich filed a letter (Doc. 49), asserting he has received two motions: "One for Judgment along w/ a brief for support," and one, more recently, "for Confession of Judgment." In the letter, Rich requests appointment of counsel and additional time to respond to "the first" motion. Doc. 49, Mot., at 1. Defendants filed a response (Doc. 50), urging the Court to deny Rich's requests for additional time to respond to the summary judgment motions and for appointment of counsel.

**II.     Discussion**

The Court construes Rich's August 19, 2020 letter, in part, as a motion for enlargement of time to respond to Defendants' motions for summary judgment and, in part, as a motion for appointment of counsel.

    **A.     Motion for enlargement of time**

Rich's motion for enlargement of time is governed by Fed. R. Civ. P. 6(b).[4] That rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Here,

---

[4] Because Rich seeks additional time to respond to Defendants' motions for summary judgment, the Court also considered whether he might obtain relief under Fed. R. Civ. P. 56(d). Under that rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). But Rich does not allege, by affidavit or declaration, that he could not marshal facts necessary to oppose Defendants' motions. Rather, he generally alleges that various circumstances impeded his ability to prepare and submit responses. Doc. 49, Mot., at 1. For that reason, the Court finds Rule 6(b)(1) governs Rich's request for additional time to respond.

Rich's time to respond to Defendants' motions for summary judgment expired on February 7, 2020. As a result, the Court may grant his motion for enlargement of time only if the Court finds "good cause" to do so, and Rich shows "excusable neglect" for his failure to timely respond.

Whether a litigant's neglect is excusable depends on the particular facts in each case. *Buckley v. United States*, 382 F.2d 611, 614 (10th Cir. 1967). Generally, "a finding of excusable neglect . . . requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974). In determining whether to grant a request for enlargement of time, courts should consider "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 736 (10th Cir. 2017) (unpublished)[5] (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In his motion, Rich cites three reasons for his failure to timely respond to Defendants' summary judgment motions: (1) he was in a segregated housing unit at the DCCC before he was transferred to the CCF, (2) when he arrived at the CCF "the prison was shut down" due to the coronavirus pandemic and (3) the CCF, a private facility, "lost its contract with" the Oklahoma Department of Corrections thereby extending the facility's "shut down due to the mass inmate movement to other facilities in Oklahoma." Doc. 49, Mot., at 1. Rich alleges he has tried "to put

---

[5] The Court cites this unpublished decision for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

a brief together but [is] hindered at the moment." Doc. 49, Mot., at 1.

In opposing Rich's request for additional time to respond, Defendants note that their motions for summary judgment have been pending since January 17, 2020, and they contend that Rich "present[s] no legitimate reason" for failing to file "some response" over the last eight months. Doc. 50, Resp., at 1. Under the particular circumstances of this case, the Court agrees.

The Court finds Defendants would suffer only slight, if any, prejudice should the Court grant Rich additional time to respond to their summary judgment motions. And the Court finds Rich's cited reasons for failing to timely respond were beyond his control. Specifically, Rich had no control over his transfer to the CCF or his pre-transfer placement in the segregated housing unit at the DCCC both of which appear to have occurred sometime in February 2020—possibly around the time of Rich's initial deadline to file a response to the summary judgment motions. Nor did Rich have a say in the alleged restrictions on his movements imposed by CCF officials in response to the coronavirus pandemic.

However, even if Rich was not entirely at fault for his failure to timely respond to the summary judgment motions, the length of Rich's delay in seeking additional time to respond to the motions supports Defendants' opposition to his request and precludes a finding that he acted in good faith. As previously discussed, Defendants filed their motions for summary judgment on January 17, 2020. Docs. 44, 45. At that time, Rich was incarcerated at the Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma. *See* Doc. 42 (notice of change of address filed December 16, 2019). Defendants filed certificates of service with their motions for summary judgment, reflecting that the motions were mailed to Rich's DCCC address. Doc. 44, Mot. for Summ. J., at 25; Doc. 45, Mot. for Summ. J., at 26. And Rich's instant motion reflects that he did receive at least one summary judgment motion, presumably while he was incarcerated at the

5

DCCC. Doc. 49, Mot., at 1.

On February 25, 2020, more than 30 days after Defendants mailed the summary judgment motions to Rich, Rich filed a notice of change of address indicating he had been transferred to the Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. Doc. 46. In the notice, Rich inquired about the status of his case but said nothing about receiving, or not receiving, the motions for summary judgment. *Id.* In response to his inquiry, the Clerk of Court sent Rich a docket sheet reflecting that two summary judgment motions were filed in January. Nothing in the record shows that the mailing was returned as undeliverable or supports that Rich did not receive the docket sheet. Thus, by all appearances, Rich had notice as of late February 2020 that two summary judgment motions had been filed in January and, accepting his allegation as true, that he received only one of those motions.

Nearly three months after his transfer to the CCF, on May 22, 2020, Rich sent a letter to the Court inquiring about the status of his case and asserting he had heard nothing "in months." Doc. 47. The Clerk of Court sent to Rich a second docket sheet reflecting, as before, that two motions for summary judgment had been filed in January. Nothing in the record shows that this mailing was returned as undeliverable or supports that Rich did not receive the second docket sheet. Thus, at the very latest, Rich knew, or should have known, by the end of May 2020 that the two summary judgment motions were filed in January, that he had received only one of those motions, and that the Court had not ruled on either motion.

Finally, on August 19, 2020, while Rich was still incarcerated at the CCF (and within a week after Defendants filed their motion for confession of judgment), Rich submitted a letter to the Court seeking additional time to respond to the summary judgment motions and indicating— for the first time—that he had received only one summary judgment motion and, further, that

6

several circumstances prevented him from filing a response to that motion. Doc. 49, Mot., at 1.

In sum, the record shows that Rich likely was placed in a segregated housing unit and then transferred from the DCCC to the CCF around the time of his initial deadline to respond to the summary judgment motions. These facts lend support to Rich's allegation that at least one inter-facility transfer impeded his ability to timely respond. But the record also shows that Rich twice contacted the Court after his transfer to the CCF to inquire as to the status of his case, and that the Clerk of Court twice sent Rich a copy of the docket sheet reflecting that Defendants filed two separate summary judgment motions in January 2020. Thus, Rich knew, or should have known, about Defendants' summary judgment motions no later than May 2020, when he received the second docket sheet. Yet, despite his demonstrated ability to communicate with the Court, Rich did not seek additional time to respond to Defendants' summary judgment motions, or suggest that he may not have received one of the two motions, until he received Defendants' motion for confession of judgment in August 2020. And Rich's nearly immediate response to the motion for confession of judgment tends to undermine his allegation that conditions at the CCF have been so restrictive since his arrival there that he had to wait until August to request additional time to file responses that were due in February.

Based on the foregoing, the Court finds that even if circumstances beyond his control caused Rich's initial failure to timely respond to Defendants' summary judgment motions, Rich's six-month delay in requesting additional time to respond, particularly after he twice contacted the Court and received docket sheets reflecting those motions had been filed and had not been ruled on, does not show that he has acted in good faith. As a result, the Court finds Rich has not shown excusable neglect or good cause to grant his motion for enlargement of the time to respond to those motions. The Court therefore denies Rich's motion for enlargement of time. The Court will

consider Defendants' motions for summary judgment and Defendants' motion for confession of judgment in a separate opinion and order.

### B. Motion for appointment of counsel

In his letter (Doc. 49), Rich also renews his request that this Court appoint counsel to represent him in this matter. As Defendants contend, this Court previously denied Rich's request for counsel, citing his apparent understanding of the law and facts relevant to his claim and his ability to present his claim in a logical and coherent manner. Doc. 42, Order, at 1-2. Because the Court has denied Rich's request for additional time to respond to the motions for summary judgment and because adjudication of those motions may dispose of this case, the Court denies Rich's request for appointment of counsel at this time, without prejudice. Should this matter proceed to trial, Rich may file a new motion for appointment of counsel.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Rich's motion for enlargement of time (Doc. 49) is **denied**.
2. Rich's motion for appointment of counsel (Doc. 49) is **denied without prejudice**.

    ORDERED this 28th day of September, 2020.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT